UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA,           :

    - v -                              :        **08 Cr. 567(RFP)**

ANTHONY WHITE,                      :

              Defendant.          :
------------------------------X

**DEFENDANT ANTHONY WHITE'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO SUPPRESS EVIDENCE
BASED UPON AN ILLEGAL SEARCH AND SEIZURE**

                      LEONARD F. JOY, ESQ.
                      Federal Defenders of New York, Inc.
                      Attorney for Defendant **Anthony White**
                      52 Duane Street, 10th Floor
                      New York, New York 10007

**PHILIP L. WEINSTEIN, ESQ.**
Of Counsel

TO:
      **MICHAEL J. GARCIA, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn: **MARK D. LANPHER, ESQ.**
           Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,        :

   - v -                         :        08 Cr. 567(RFP)

ANTHONY WHITE,                   :

                 Defendant.   :
-------------------------------X

## DEFENDANT ANTHONY WHITE'S MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE

    The defendant, Anthony White, moves under the Federal Rules of Criminal Procedure 12(b)(3) and 41(f) to suppress evidence obtained as the result of an illegal search and seizure conducted by the New York Police Department ("NYPD") on May 1, 2008. In particular, White moves to suppress a gun that was seized from the apartment in which he was an invited guest following an illegal entry, search and seizure.

**Background**

    Mr. White is charged in a one-count indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The charges are based on a gun found hidden in an apartment belonging to White's girlfriend.

    On March 7, 2007, White was placed on parole by New York State. One of his parole conditions was that he "will be restricted from St. Michael Projects Complex ..." Exhibit A. A

Violation Report was issued in September 2007 alleging, <u>inter</u> <u>alia</u>, that he moved from his approved residence without permission. Exhibit B. A parole warrant authorizing his arrest was issued on April 10, 2008. Exhibit C.

White had a girlfriend who lived in an apartment at 230 West 129th Street in the Bronx. From time to time, White spent the night with her. He did so on April 30th, 2008.

On May 1, 2008, he was asleep at his girlfriend's apartment when she left for work. She had given him a set of keys and had asked him to buy some groceries before he departed. He had access to the entire apartment.

During the later afternoon, he heard loud knocking on the front door. He soon realized it was the police and he did not immediately respond. After the officers knocked off the "peep hole," called him by name and threatened to knock the door down, he relented. He told the police he would come out but the police could not enter because the apartment belonged to his girlfriend. When he opened the door, an officer pulled him out of the apartment, handcuffed him and took him downstairs. As he was being taken away, he saw officers enter the apartment. White never consented to the entry or search.

No gun was found on him. According to the Government and consistent with the discovery, the gun was found inside a towel which was inside mesh bag. The bag was inside a drawer of an

entertainment cabinet in the apartment.

**Legal Argument**

Absent consent or exigent circumstances, the police may not make a warrantless entry into a home, and a warrantless entry is presumptively unreasonable. Payton v. New York, 445 U.S. 573 (1990). That is so because entry into the home is the "chief evil" against which the Fourth Amendment is directed. United States v. District Court for the Eastern District of Mich. S. Div., 407 U.S. 297 (1972). When a guest has permission to use an apartment and is given a key, the guest has a reasonable expectation of privacy in the apartment. Minnesota v. Olson, 495 U.S. 91, 99 (1990).

As an invited overnight guest in his girlfriend's apartment, White had a reasonable expectation of privacy. He kept clothes and other property inside it, and had his own key. Thus, he had an expectation of privacy in the apartment. See, e.g., United States v. Fields, 113 F.3d 313, 320 (2d Cir. 1997)("Indeed, society recognizes as legitimate the expectation of privacy possessed by an overnight guest - even though he has at best a fleeting connection to his host's home."); United States v. Osorio, 949 F.2d 38, 41 (2d Cir. 1991)("[I]t is inescapable that Cardenas permitted Castro to stay in his apartment for the night. That is all that Olson requires to qualify as an overnight guest . . . .").

While the Supreme Court has said that parolees have a diminished expectation of privacy compared to other individuals,

- 3 -

see <u>Samson v. California</u>, 547 U.S. 843 (2006), the Second Circuit's ruling in <u>United States v. Amerson</u>, 483 F.3d 73, 79 (2d Cir. 2007) suggests that suspicionless searches of parolees may be constitutional but must be subjected to a "general balancing test." This balancing test "is to be based on an examination of three factors: 1) the nature of the privacy interest involved; 2) the character and degree of the governmental intrusion; and 3) the nature and immediacy of the government's needs, and the efficacy of its policy in addressing those needs." <u>Id.</u> at 84.

While the parole warrant provided authority to arrest White and enter his residence to make the arrest, that authority is more limited when White was an invited guest in a third party's apartment. <u>United States v. Lovelock</u>, 170 F.3d 339, 343 (2d Cir. 1999)("allowing officers to enter the residence of the suspect named in the arrest warrant, does not authorize entry into a residence in which the officers do not believe the suspect is residing but believe he is merely visiting"); see also <u>Steagald v. United States</u>, 451 U.S. 204, 205 (1981)(holding that "absent exigent circumstances or consent" a law enforcement officer may not "legally search for the subject of an arrest warrant in the home of a third party without first obtaining a search warrant."). Although the special conditions of White's parole allowed officers to search his person, property, and residence, they clearly did not extend to a home which they unquestionably knew belonged to

another.[1]

Moreover, despite a parolee's diminished expectation of privacy with respect to his residence, before conducting a warrantless search under the parolee home exception, law enforcement officers must have probable cause to believe parolee is a resident of the home to be searched. Motley v. Parks, 432 F.3d 1072, 1079-80 (9th Cir. 2005)(*En Banc*); Cuevas v. De Roco, 531 F.3d 726 (9th Cir. 2008)(forced warrantless entry into home without probable cause to believe it was parolee's residence violated Motley and opening of drawer exceeded protective sweep); Thornton v. Lund, 538 F.Supp.2d 1053, 1057 (Adelman, J.); cf. Alvarado v. City of New York, 482 F.Supp.2d 332, 335-37 (Marrero, J.)(room into which parolee was moving reasonably could be viewed under parolee's control and subject to parolee exception). In this case, the officers knew that White was not living in the apartment. It belonged to his girlfriend.

Balancing these three factors, the search of White's girlfriend's apartment was unreasonable. Despite White's diminished privacy interest as a parolee, the character and degree of the governmental intrusion was greater than was warranted.

---

[1] The officers cannot argue that they believed the apartment was White's residence, because the Certificate of Release to Parole Supervision provided White's residential address as 230 West 131st Street, and the reason the officers were arresting White was that it was a condition of his parole that he not visit the St. Nicholas Projects.

White was already in police custody when the search began; no search of the apartment was necessary to apprehend him. The government's needs -- to determine whether White was violating his parole by visiting the St. Nicholas Projects -- were in no way furthered by a search of his girlfriend's apartment after his apprehension.

Moreover, when an arrest is made in-the-home, under appropriate circumstances a security sweep incident to the arrest is permissible. See Maryland v. Buie, 494 U.S. 325, 334 (1990). When there is an arrest outside of the home, however, a security sweep inside the home requires that the arresting officer:

> ...had (1) a reasonable belief third persons [were] inside and (2) a reasonable belief that the third persons [were] aware of the arrest outside the premises so that they might destroy evidence, escape or jeopardize the safety of the officers or public.

United States v. Oguns, 921 F.2d 442, 446 (2d Cir. 1990)(citing United States v. Vasquez, 638 F.2d 507, 531 (2d Cir. 1980)).

Once the security sweep is concluded, the officers must leave and not reenter without a warrant. United States v. Isiofia, 370 F.3d 226, 234 (2d Cir. 2004). Cf. Mincey v. Arizona, 437 U.S. 384 (1978)(holding that absent a warrant, the search of a home that was the scene of a murder was unconstitutional after the defendant's arrest).

Accordingly, the officers could not have seen the weapon during a protective sweep of those parts of the apartment in which an individual might have been hiding.

In sum, the entry into the apartment was illegal and the gun that was found therein should be suppressed.

### Conclusion

For the foregoing reasons the shotgun, ammunition and shell should be suppressed or in the alternative a hearing ordered.

Dated:  New York, New York
        August 12, 2008

                            Respectfully submitted,

                            LEONARD F. JOY, ESQ.
                            Federal Defenders of New York, Inc.

                    By:     /s/ Philip L. Weinstein
                            PHILIP L. WEINSTEIN, ESQ.
                            Attorney for Defendant **Anthony White**
                            52 Duane Street, 10th Floor
                            New York, New York 10007


TO:
    **MICHAEL J. GARCIA, ESQ.**
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007
    Attn:  **MARK D. LANPHER, ESQ.**
           Assistant United States Attorney

- 9 -